IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. No.: 1:06CR269-MHT |
| | ) | |
| BRIAN STANYARD | ) | |

## MOTION TO SUPPRESS EVIDENCE

Comes now the Defendant, Brian Stanyard, by and through undersigned counsel, Kevin L. Butler, and moves this Court for an order suppressing all evidence illegally seized in this case on November 1, 2006, by Dothan Police Officer Martin.

### Facts

On November 1, 2006, at approximately 8:00 p.m., Dothan Police Officer Martin observed and began following a white male (suspect) driving a gold Chevrolet Blazer Southbound on S. Oates Street. Officer Martin had previously arrested the suspect for narcotics possession.

At approximately 8:30 p.m., the suspect stopped in front of Fieldcrest Apartment #107. Brian Stanyard approached the vehicle on the passenger side. Officer Martin then approached the suspect and Mr. Stanyard. Officer Martin observed a rolled cigar over Mr. Stanyard's ear.

Based solely on this observation and the fact that a previously arrested suspect was talking to Mr. Stanyard, Officer Martin temporarily detained Mr. Stanyard and seized the cigar. After detaining Mr. Stanyard and seizing the cigar, Officer Martin noticed that the cigar contained what he believed to be marijuana. Subsequently, Mr. Stanyard was arrested for Possession of Marijuana

II.[1]  Mr. Stanyard moves to suppress all evidence seized as a result of this unlawful detention.  This includes the "fruits of the poisonous tree" (i.e. any evidence later seized from Fieldcrest Apartment #107).

**Argument**

Because Officer Martin did not have reasonable suspicion justifying the *Terry* stop of Mr. Stanyard or the seizure of the cigar, the subsequent searches must be suppressed.

A police officer does have the authority to stop a person and detain him briefly if the officer is in possession of reasonable and articulable suspicion that the person is engaged in criminal activity.  *Terry v. Ohio*, 392 U.S. 1 (1968).  However, reasonable suspicion is more than just a "hunch".  *United States v. Sokolow*, 490 U.S. 1 (1989).  There must be some objective justification for the *Terry* stop.  *Id.*; *see also, United States v. Perkins*, 348 F.3d 965 (11th Cir. 2003).  Neither any activity by the suspect (or Mr. Stanyard) nor the totality of the circumstances prior to Mr. Stanyard's detention gave rise to reasonable cause for Mr. Stanyard's temporary detention.  *See United States v. Smith*, 201 F.3d 1317 (11th Cir. 2000).

While following the suspect, Officer Martin was not in possession of any information

---

[1] After arresting Mr. Stanyard, Officer Martin appears to have gone on a "fishing expedition."  Officer Martin located a vehicle in the apartment parking lot that was registered to Mr. Stanyard.  After a "drug" dog alerted to the vehicle, it was searched.  However, after entering the vehicle with a "Slim Jim" device <u>Officer Martin found no contraband</u>.  Another responsding officer, Officer Thompson, then contacted the apartment complex manager who informed him that Mr. Stanyard and his girlfriend, Karmen Smith lease apartment #107.  Based upon this the officers approached apartment #107 and got Ms. Smith's consent to search the residence.  As no contraband was found in the vehicle there is not a basis for a suppression motion.  Additionally, as Ms. Smith consented to the search of the apartment there is not a basis to challenge that search.  However, the defense believes these facts demonstrate Officer Martin was determined to find more evidence than that which he asserts gave cause for Mr. Stanyard's detention and illegal arrest.

indicating the suspect was engaged in criminal activity. Officer Martin had previously arrested the suspect, but he was not in possession of any information that the suspect had continued in criminal activity or was engaged in criminal activity. Additionally, Officer Martin had not observed the suspect committing any criminal offense while in the vehicle or committing any traffic violation. After the suspect stopped at Fieldcrest Apartment #107 and was approached by Mr. Stanyard, Officer Martin did not observe either party engage in any criminal activity or possess any contraband. Officer Martin had no reasonable suspicion to approach Mr. Stanyard. Even after approaching Mr. Stanyard, the mere fact that he had a rolled cigar in his ear is not evidence of criminal activity. Contraband could not be observed within the cigar while it was behind Mr. Stanyard's ear and the cigar was not "lit" so that the aroma of burning narcotics could be smelled.

    **WHEREFORE,** Mr. Stanyard asks that after an evidentiary hearing and for the reasons set forth above, this Court enter an order suppressing all evidence seized subsequent to the illegal detention of Mr. Stanyard.

    Respectfully submitted,

    s/ Kevin L. Butler
    KEVIN L. BUTLER
    First Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: kevin_butler@fd.org
    AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. No.: 1:06CR269-MHT |
| ) | |
| BRIAN STANYARD ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Clark Morris, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138