IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:06cr269-MHT |
| | ) | |
| BRIAN STANYARD | ) | |

<u>ORDER</u>

This cause is before the court on defendant Brian Stanyard's unopposed motion to continue trial. Based on the reasons set forth below, the court concludes that the motion should be granted and jury selection and trial, now set for February 5, 2007, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir.), <u>cert. denied</u>, 479 U.S. 823, 107 S. Ct. 93 (1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into

account the exercise of due diligence." § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Stanyard in a speedy trial. Stanyard represents that his counsel is in the process of investigating the circumstances surrounding seized evidence and the February 5 trial date does not provide enough time for his attorney to identify and locate a particular individual relevant to his investigation. Consequently, a continuance is warranted to enable Stanyard the opportunity to fully pursue his investigation.

Accordingly, it is ORDERED as follows:

(1) Defendant Brian Stanyard's motion to continue trial (Doc. No. 25) is granted.

(2) The jury selection and trial, now set for February 5, 2007, are reset for June 4, 2007, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr.

United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 10th day of January, 2007.

                                         /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**