IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR No: 1:06cr269-MHT |
| v. | ) | |
| | ) | |
| BRIAN STANYARD | ) | |

RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Defendant's Motion to Suppress as follows:

FACTS

Prior to November 1, 2006, officers had received several phone calls from concerned citizens who reported drug dealing near the entrance to the Fieldcrest Apartments in Dothan. These callers reported that "Bev's son" was dealing drugs near the entrance to Fieldcrest Apartments. Officers knew "Bev" to be a drug dealer who conducted drug business in another section of Dothan. Officers further knew that Bev's son was Brian Stanyard.

On November 1, 2006, Corporal Martin and Investigator Joe Cochran saw a white male driving a gold Chevrolet Blazer. Investigator Cochran recognized the driver of the Blazer as a person that Cochran had helped arrest for possession of crack cocaine. The officers followed the Blazer to the Fieldcrest Apartments and saw the vehicle stop near the entrance to the apartment complex, in front of apartment 107. Officers then saw a black male who they recognized as Brian Stanyard walk up to the

1

Blazer.  Officers got out of their vehicle and could clearly see a hand-rolled cigar, more commonly referred to as a "blunt," behind Stanyard's ear.  Officers were approximately 10 feet from Stanyard at the time they observed this homemade cigar.

## ISSUE: THE OFFICERS HAD REASONABLE SUSPICION TO APPROACH THE DEFENDANT

Officers had reasonable suspicion to approach the Defendant.  Reasonable suspicion is defined as "specific and articulable facts which taken together with rational inferences from those facts, reasonably warrant [an] intrusion." United States v. Espinosa-Guerra, 805 F.2d 1502, 1508 (11th Cir.1986); quoting, Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968).

It is acceptable under the Fourth Amendment for the police to stop persons and detain them briefly in order to investigate a reasonable suspicion that the persons have engaged in or are about to engage in criminal activity.  Terry v. Ohio, 392 U.S. 1 (1968); Illinois v. Wardlow, 528 U.S. 119 (2000).  None of the suspect's actions need to be criminal on their face, yet taken together they can provide trained police with reasonable suspicion.  United States v. Arvizu, 534 U.S. 266 (2002).  The reviewing court views the circumstances in light of the officer's special training and experience. United States v. Smith, 201 F.3d 1317 (11th Cir. 2000).  Courts afford considerable deference to the conclusions of police officers, reasoning that an experienced officer can infer criminal activity from conduct that seems innocuous to a lay observer.  See, U.S. v. Neufeld-Neufeld, 338 F.3d 374, 382 (5th Cir. 2003)(reasonable suspicion based on totality of circumstances viewed through officers' combined 14 years experience);

U.S. v. Logan, 362 F.3d 530, 534 (8th Cir. 2004)(officers' experience and training supported reasonable suspicion based on independently insignificant facts consistent with innocent use).

In the case at bar, officers clearly had a reasonable suspicion that a crime was occurring or was about to occur. The defendant was 1) a reported drug dealer; 2) observed in an area about which officers had received calls reporting drug trafficking; 3) talking to a known crack cocaine user; 4) with a handmade cigar, commonly referred to as a "blunt," behind his ear. Based on the officers training and experience, they knew that marijuana users frequently take a cigar, cut it open, empty the tobacco, refill it with marijuana, and roll the marijuana back up in the cigar paper. In fact, the Government expects Officer Cochran to testify that he could tell that the item behind the Defendant's ear was not an unaltered, store-purchased cigar. The Government expects Officer Cochran to explain to the court that he can tell the difference between a legitimate cigar and cigar paper containing marijuana, more commonly referred to as a "blunt." According to Officer Cochran, a store-purchased cigar is much thicker than a marijuana "blunt." Moreover, Officer Cochran will testify that because of the thinness of the hand-rolled cigar behind the Defendant's ear, the cigar most likely contained marijuana. It was simply to thin to be an unaltered, store-purchase cigar. The appearance of the cigar behind the Defendant's ear alone gave the officers reasonable suspicion to believe that the Defendant was possessing marijuana. However, the appearance of the cigar behind the Defendant's ear, combined with the other facts articulated above, makes clear that the officers had reasonable suspicion to approach the Defendant.

WHEREFORE, the United States respectfully requests this Court deny

Defendant's Motion to Suppress.

    Respectfully submitted, this the 9th day of April, 2007.

                        LEURA G. CANARY
                        UNITED STATES ATTORNEY

                        /s/ A. Clark Morris
                        A. CLARK MORRIS
                        Assistant United States Attorney
                        One Court Square, Suite 201
                        Montgomery, Alabama 36104
                        Telephone: (334) 223-7280
                        Fax: (334) 223-7135
                        E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR No: 1:06cr269-MHT |
| v. | ) | |
| | ) | |
| BRIAN STANYARD | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin Butler, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov