IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:06cr269-MHT |
| | ) | (WO) |
| **BRIAN STANYARD** | ) | |

OPINION AND ORDER

Upon consideration of the recommendation of the United States Magistrate Judge (Doc. No. 33), to which no objections have been filed, and after an independent and de novo review of the record, including the transcript of the hearing before the magistrate judge, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the recommendation of the United States Magistrate Judge (Doc. No. 33) is adopted; and

(2) That defendant Brian Stanyard's motion to suppress (Doc. No. 21) is denied.

The court agrees that the officers had a right to do a Terry stop.  The court, however, adds these comments about the seizure of the 'marijuana blunt':

A seizure pursuant to a lawful Terry stop is "justified by the same practical considerations that inhere in the plain-view context."  Minn. v. Dickerson, 508 U.S. 366, 376 (1993); see also United States v. Hensley, 469 U.S. 221 (1985) (upholding plain-view seizure in context of Terry stop); Michigan v. Long, 463 U.S. 1032, 1050 (1983) (Fourth Amendment does not require the suppression of contraband found in plain view during a legitimate Terry search).  In other words, "[t]he 'plain view' doctrine permits a warrantless seizure where (1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately

apparent." United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006).

This court agrees with the magistrate judge's recommendation that "there was a practical, non-technical probability that the hand-rolled cigar in plain view behind Stanyard's ear was a marijuana blunt." Magistrate judge's recommendation (Doc. No. 33) at 6 n.5. The officers described the blunt as a hand-rolled, brown cigar that was about half the size of a regular cigar; it was not as smooth and round as a regular cigar, and it was "a whole lot thinner," "close to about the size of a pen or a pencil." Transcript of Suppression Hearing at 16-17. The ends of the blunt were "tapered down and twisted," which were clearly visible from behind Stanyard's ear. Id. at 42. Based on their years of law-enforcement experience dealing with drugs, the officers were easily able to conclude that the cigar likely contained marijuana. Id. at 18.

Because the officers conducted a proper Terry stop, the seizure of the marijuana blunt that was in plain view behind Stanyard's ear was also proper.

DONE, this the 7th day of June, 2007.

                          /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE